**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| DEBORAH LYNN BAKER, | : | CASE NO. 10-79320-CRM |
|   a/k/a Deborah Hudgins, | : | |
|   a/k/a Deborah Powell, | : | |
|   a/k/a Deborah Powell Baker, | : | |
| | : | |
| Debtor. | : | |
| _____ _____ _____ _____ _____ _____ | : | _____ _____ _____ _____ _____ _____ |
| | : | |
| AUTOMOBILE ACCEPTANCE CORPORATION, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| DEBORAH LYNN BAKER, Debtor, and DALE R.F. GOODMAN, Chapter 7 Trustee, | : | |
| | : | |
| Respondents. | : | |

**NOTICE OF ASSIGNMENT OF HEARING**

NOTICE IS HEREBY GIVEN THAT Automobile Acceptance Corporation has filed a Motion for Relief from Stay and related papers with the Court seeking an order granting relief from the automatic stay.

**PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on August 12, 2010 at 10:00 a.m., in Courtroom 1203, United States Courthouse, 75 Spring Street SW, Atlanta, Georgia, 30303.**

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings, then you and/or your attorney must attend the hearing. You may also file a written response to the pleadings with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate of service stating when, how and on whom (included addresses) you served the response. Mail or deliver the response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is: Clerk, United States Bankruptcy Court, Room 1340, Federal Building, 75 Spring Street, Atlanta, Georgia, 30303. You must also mail a copy of your response to the undersigned at the address below.

      IF THE MOTION IS FOR RELIEF FROM STAY, and a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of the motion and agrees to a hearing on the earliest possible date.  Movant consents to the automatic stay remaining in place until the Court orders otherwise.

                                              SICAY-PERROW, KNIGHTEN & BOHAN

Dated:      July 15, 2010                    /s/
                                          Mark J. Windham
                                          Georgia Bar No. 113194
                                          Attorney for Movant

Suite 3475, Georgia-Pacific Center
133 Peachtree Street, N.E.
Atlanta, GA 30303
(404) 589-1832
mjw@sicay-perrow.com

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | CHAPTER 7 |
| | : | |
| DEBORAH LYNN BAKER, | : | CASE NO. 10-79320-CRM |
|   a/k/a Deborah Hudgins, | : | |
|   a/k/a Deborah Powell, | : | |
|   a/k/a Deborah Powell Baker, | : | |
| | : | |
| Debtor. | : | |
| _____ _____ _____ _____ _____ _____ | : | _____ _____ _____ _____ _____ _____ |
| | : | |
| AUTOMOBILE ACCEPTANCE CORPORATION, | : | |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | CONTESTED MATTER |
| | : | |
| DEBORAH LYNN BAKER, Debtor, and DALE R.F. GOODMAN, Chapter 7 Trustee, | : | |
| | : | |
| Respondents. | : | |

## MOTION FOR RELIEF FROM STAY

COMES NOW, Automobile Acceptance Corporation ("Movant") pursuant to 11 U.S.C. Section 362(d), and respectfully shows the Court the following:

1.

Debtor filed this Chapter 7 case in the Northern District of Georgia, Atlanta Division.

2.

Movant has a claim in the amount of $2,600.03, secured by a Certificate of Title to a 2002 Pontiac Montana van ("Collateral"), as more particularly described in the attached Exhibit "A."

3.

The Collateral is not necessary for the effective rehabilitation of the Debtor under Chapter 7. 11 U.S.C. Section 362(d)(2).

1

4.

There is little or no equity in the Collateral for the benefit of the Chapter 7 estate or Debtor herein.  11 U.S.C. Section 362(d)(2).

5.

The basis for this Motion for Relief is lack of adequate protection. Debtor defaulted on first payment.  Debtor is delinquent in the amount of $408.38.  Movant is unable to verify whether Debtor has maintained adequate insurance coverage on the Collatearl.  Movant is not adequately protected.

6.

Cause, including the lack of adequate protection, exists for lifting of the automatic stay.  11 U.S.C. Section 362 (d)(1).

WHEREFORE, Movant prays that a hearing be scheduled in this matter and relief from the automatic stay be granted to allow Movant to dispose of the Collateral in accordance with its contract and state law remedies, that fourteen-day stay provided for in Fed. R. Bankr. P. 4001(a)(3) be waived, and for such other relief as the Court deems proper.

RESPECTFULLY SUBMITTED, this 15th day of July, 2010.

SICAY-PERROW, KNIGHTEN & BOHAN

_____/s/_____
Mark J. Windham
Georgia Bar No. 113194
Attorney for Movant

Suite 3475, Georgia-Pacific Center
133 Peachtree Street, N.E.
Atlanta, GA 30303
(404) 589-1832
mjw@sicay-perrow.com

2

# PROMISSORY NOTE and SECURITY AGREEMENT

| Lender (the "Lender") | Borrower(s) (collectively, if applicable, the "Borrower") | Date |
|---|---|---|
| Automobile Acceptance Corporation<br>749 Main Street<br>P. O. Box 961926<br>Riverdale, GA 30296 | Deborah L. Baker<br><br>6094 Fairlong Bluff<br>Acworth, GA 30101- | 04/16/2010<br>Account No: 6509/2656<br>First Payment Due Date: 05/20/2010<br>Final Payment Due Date: 08/20/2011 |

## FEDERAL TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE<br>The cost of your credit at a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 44.33% | $793.57 | $2,318.00 | $3,111.57 |

Your Payment Schedule will be:   e means an estimate

| Installments Number | Amount | When Installments Are Due 20 |
|---|---|---|
| 15 | $194.47 | Monthly beginning 05/20/2010 (the "Start Date") |
| 1 | $194.62 | |

**Insurance**
CREDIT LIFE AND CREDIT ACCIDENT & HEALTH INSURANCE ARE BOTH REQUIRED TO OBTAIN THIS LOAN. BORROWER MAY OBTAIN THESE COVERAGES FROM ANYONE BORROWER CHOOSES OR BORROWER MAY USE AN EXISTING POLICY IF SUCH INSURANCE IS OBTAINED FROM LENDER, THE COST OF SUCH INSURANCE FOR THE TERM OF THE LOAN IS INDICATED BELOW.

| Type | Premium | Signature |
|---|---|---|
| Credit Life | $34.31 | I/we want credit life insurance. Signature [signed] |
| Credit Accident and Health | $156.24 | I want credit accident and health insurance. Signature [signed] |

You may obtain property insurance from anyone you want that is acceptable to Lender. If you get the insurance from Lender you will pay $0.00 cov: Prop $0.00 Auto $0.00.

**Security:** You are giving a security interest in all of the following property (collectively, the "Property"):
- [ ] The goods or property being purchased.
- [X] The following vehicle(s): Year Make Model VIN
  2002 Pontiac Montana 1GMDX03E12D220966
- [ ] The following other personal property: _____

Filing fees $15.00 Non-filing insurance $0.00
**Late Charge:** If a payment is not paid within 10 days after it is due, you will be charged the greater of $0.00 or an amount equal to 5.00% for each one dollar of such delinquent amount.

**Prepayment:** If you pay off early, you
- [ ] may [X] will not  have to pay a penalty.
- [X] may [ ] will not  be entitled to a refund of part of the finance charge.

**Assumption:** This loan may not be assumed.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

### Itemization of Amount Financed

| | |
|---|---|
| 1. Amount Given to You Directly | $360.00 |
| 2. Amount Paid On Your Account No. | $0.00 |
| 3. Amount Paid To Others On Your Behalf | $0.00 |
| Check To Complete Cash | $2,000.00 |
| Check To | $0.00 |
| Check To | $0.00 |
| Check To | $0.00 |
| 4. Amount of Loan Proceeds (1+2+3) | $2,300.00 |
| 5. Other Charges | |
| Property Insurance | $0.00 |
| Auto Insurance | $0.00 |
| Non-File Insurance | $0.00 |
| Recording Fees | 18.00 |
| To Public Officials | $0.00 |
| Other: | $0.00 |
| | $0.00 |
| 6. Total Other Charges | $18.00 |
| 7. Loan Fee – 4% (Prepaid Finance Charge) | $96.54 |
| 8. Loan Fee – 8% (Prepaid Finance Charge) | $48.00 |
| 9. Total (Add 4 thru 8) | $2,464.54 |
| 10. Total Prepaid Finance Charges (Line 7 plus Line 8) | $146.54 |
| 11. Amount Financed (Line 9 Less Line 10) | $2,318.00 |

* SOME OF THESE AMOUNTS MAY BE RETAINED BY LENDER AS COMMISSIONS OR OTHERWISE

### Component Charges of Finance Charge

| | |
|---|---|
| 12. Total Interest | $408.46 |
| 13. Total Maintenance Charges | $48.00 |
| 14. Total Prepaid Finance Charges | $146.54 |
| 15. Credit Life Insurance | $34.31 |
| 16. Credit Accident & Health Ins | $156.24 |
| 17. Finance Charge (Lines 12 thru 16) | $793.57 |

| | |
|---|---|
| Face Amount of the Contract | $3,063.57 |

[X] This is the total of Lines 9, 12, 15 and 16 (Loans 18 mos. or less)
[ ] This is the total of Lines 9, 15 and 16 (Loans over 18 mos.)

## PROMISSORY NOTE (the Note)

FOR VALUE RECEIVED, the borrower or borrowers (collectively, if applicable, the "Borrower") promise, jointly and severally if more than one borrower, to pay to the order of Automobile Acceptance Corporation (the "Lender"), at its above office, the Total of Payments above stated, which includes the Finance Charge stated above, in installments [the "Installment(s)"], in a manner consistent with the above Payment Schedule. The above Finance Charge includes the above Component Charges of the Finance Charge each of which shall be the maximum such charge permitted under the Georgia Industrial Loan Act ("GILA") and other applicable law, and all of which Borrower hereby agrees to pay Lender. To the extent the charges herein ever exceed those permitted under GILA or any other applicable law, Lender shall refund any such excess charges to Borrower. The first installment hereunder shall be due Lender from Borrower on the "First Payment Due Date" set forth above. All monthly installments set forth in the Payment Schedule shall be due and payable by Borrower to Lender in equal and consecutive monthly installments with the first such installment due and payable by Borrower to Lender on the Start Date with another installment due on the same date of each succeeding calendar month thereafter until all such monthly installments have been paid by Borrower to Lender. All amounts due Lender from Borrower hereunder, if not sooner paid, shall be due and payable by Borrower to Lender on the Final Payment Due Date set forth above. After maturity (i.e, the Final Payment Due Date), any unpaid balance hereunder will continue to accrue interest thereon at the rate of 16% per annum until this Note is fully paid, except where applicable law mandates that only a lower maximum interest rate (including zero) may be applied in which event such lower maximum interest rate shall be applied consistent with applicable law.

With respect to any installment of any installment not paid by Borrower to the holder of this Note within 10 days after it is due, Borrower agrees to pay the holder a Late Charge in an amount equal to the greater of $0.00 or an amount equal to 5.00% for each one dollar of such delinquent amount. However, only one such Late Charge may be collected with respect to any such late payment.

* All disclosures reflect the credit terms to which Borrower is bound at the commencement of this transaction. The disclosed amounts of Finance Charge and Total of Payments are based on the assumption that Borrower will make all payments on the scheduled due dates. If the Borrower prepays this loan or the installments are not paid on the scheduled due dates, these amounts may vary. To the extent the holder hereof retains an attorney to collect any amounts due it hereunder, Borrower agrees to pay the holder hereof an amount equal to 15% of the then unpaid balance of this Note, less any unearned charges.

Credit Life Insurance and Credit Accident & Health Insurance are both required to obtain credit but will not be provided by Lender unless Borrower requests such coverage from Lender by signing above and, if so, hereby agrees to pay the additional cost.

## SECURITY AGREEMENT (The "Security Agreement")

To secure Borrower's timely and faithful performance of all of Borrower's duties hereunder to Lender, Borrower, and/or any Accommodation Party having an interest in the Property, hereby grants to Lender a security interest in the Property described above together with all improvements, accessories, accessions, attachments, parts and equipment now or hereafter installed in, or attached to or which becomes a part thereof, and all proceeds thereof. Said security interest shall be under the Uniform Commercial Code in force on the date hereof in the State of Georgia.

To the extent permitted by applicable law, all parties to this agreement, whether maker, co-maker, endorser, guarantor, surety, accommodation party or other party, hereby jointly and severally waive demand for payment, notice of payment, protest and notice of protest of this Promissory Note and Security Agreement, diligence in bringing suit against any party, and agree that discharge or release of any party or parties or discharge, impairment or release of any security interest shall not discharge or release any other party or parties hereto, and consent to extensions of time of payment without notice.

**ALTERNATIVE DISPUTE RESOLUTION AGREEMENT.** BORROWER AND LENDER BOTH AGREE TO AN ALTERNATIVE DISPUTE RESOLUTION FOR THE SETTLEMENT OF CERTAIN CONTROVERSIES BETWEEN BORROWER AND LENDER AND/OR LENDER'S SUCESSORS AND ASSIGNS. THE TERMS OF THE ALTERNATIVE DISPUTE RESOLUTION AGREEMENT ARE SET FORTH IN A SEPARATE AGREEMENT, THE TERMS OF WHICH ARE INCORPORATED HEREIN BY REFERENCE THERETO. THE PARTIES EACH ACKNOWLEDGE THAT THE AGREEMENT OF BORROWER TO ENTER INTO THE ALTERNATIVE DISPUTE RESOLUTION AGREEMENT IS A MATERIAL INDUCEMENT TO THE LENDER'S ENTERING INTO THIS CONTRACT WITH BORROWER.

The additional terms and provisions set forth on the reverse side hereof are a part of this Promissory Note and Security Agreement (the "Agreement").
THE BORROWERS ACKNOWLEDGE RECEIPT OF A COPY OF THIS DOCUMENT, AFFIRM THAT IT WAS COMPLETELY FILLED IN PRIOR TO THE EXECUTION THEREOF, THAT THEY HAVE READ AND UNDERSTAND ITS PROVISIONS PRIOR TO THE EXECUTION THEREOF, AND THAT IT WAS SIGNED UNDER SEAL.

Witness [signed]                                        Borrower  Deborah L. Baker (SEAL)
Witness _____                                         Borrower _____ (SEAL)
Accommodation Party _____                             Accommodation Party _____ (SEAL)

GA C (cab 1-02)              SEE REVERSE SIDE FOR ADDITIONAL TERMS AND INFORMATION                ORIGINAL

# Georgia Certificate of Title

DISCLAIMER: DO NOT ACCEPT THIS TITLE WITHOUT THE SECURITY THREAD LOCATED APPROXIMATELY TWO INCHES FROM LEFT EDGE

| VEHICLE IDENTIFICATION NUMBER | MAKE | YEAR | TYPE OF BODY | MODEL | CYL | DATE ISSUED |
|---|---|---|---|---|---|---|
| 1GMDX03E12D220968 | PONTIAC | 2002 | VAN | MONTANA | 6 | 04/29/2010 |

| DATE VEHICLE PUR | FUEL | NEW OR USED | ODOMETER* | PREVIOUS TITLE NBR/STATE OF ISSUE | NBR OF LIENS | COLOR | CURRENT TITLE NUMBER |
|---|---|---|---|---|---|---|---|
| 08/12/2009 | GASOLINE | USED | 137765 | 77335093653007 /GA | 1 | UNK | 7716101011162139 |

*ODOMETER READING IS ACTUAL MILEAGE OF THE VEHICLE UNLESS OTHERWISE INDICATED BELOW

**OWNER**

DEBORAH LYNN BAKER
6094 FAIRLONG BLF NW
ACWORTH GA 30101-8411

MAIL TO

AUTOMOBILE ACCEPTANCE CORP
PO BOX 961926
RIVERDALE GA  30296-6914

**1ST LIEN OR SECURITY INTEREST**

AUTOMOBILE ACCEPTANCE CORP
PO BOX 961926
RIVERDALE GA - 30296-6914

**2ND LIEN OR SECURITY INTEREST**

**3RD LIEN OR SECURITY INTEREST**

The Georgia Department of Revenue issued this title pursuant to the Motor Vehicle Certificate of Title Act and this title is subject to its provisions. The Department certifies that on application duly made, the person named herein is registered as the lawful owner of the vehicle described subject to any liens or security interests set forth and such liens or security interests as may subsequently be filed with the Commissioner.

STATE REVENUE COMMISSIONER

026009231

**RELEASE OF LIEN OR SECURITY INTEREST**

| DATE OF RELEASE | SECURITY INTEREST HOLDER | AUTHORIZED AGENT |
|---|---|---|
| 1ST LIEN | | BY |
| 2ND LIEN | | BY |
| 3RD LIEN | | BY |

29245990

## CERTIFICATE OF SERVICE

    This is to certify that I have this day served all parties in the within and foregoing matter with a copy of the attached MOTION FOR RELIEF FROM STAY and NOTICE OF ASSIGNMENT OF HEARING by depositing a copy of the same in the United States Mail, postage prepaid, addressed as follows:

Dale R. F. Goodman
Goodman & Goodman, P.C.
Suite 200
1303 Hightower Trail
Atlanta, GA 30350-2919

Deborah Lynn Baker
439 Holland Springs Drive
Powder Springs, GA 30127

Samuel D. Hicks
Hicks, Casey & Foster, P.C.
Suite 100
136 North Fairground Street
Marietta, GA 30060


Dated:    July 15, 2010

                                    /s/
                        Mark J. Windham
                        Georgia Bar No. 113194
                        Attorney for Movant